UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| ANTHONY SPENCER | § | |
|---|---|---|
| | § | |
| Plaintiff | § | |
| VS. | § | CIVIL ACTION NO. C-11-12 |
| | § | |
| THE UNITED STATES | § | |

## ORDER

For the reasons stated below, the Court sua sponte dismisses this action without prejudice.

### I.   Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this claim is brought under the Federal Tort Claims Act, 28 U.S.C. § 2675 ("FTCA").  Jurisdiction is also proper under 28 U.S.C. § 1346(b)(1).

### II.   Factual and Procedural Background

Plaintiff Anthony Spencer, proceeding pro se, filed this action against the United States on January 19, 2011 pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346. (D.E. 1.)  Plaintiff's complaint is quite vague, stating only that the suit is "being filed on behalf of the plaintiff due to injuries incurred from continual intentional torts directed at his person by the [United States].  Intentional torts directed at the plaintiff is as follows (but not limited too); Assault, Battery, Mental pain [and] Anguish, etc.  This harassment is due to a federal investigation which has taken place over the course of thirteen years. Within the period of time stated, the plaintiff has tried to resolve the situation by contacting numerous federal law enforcement agencies to inquire if he was being investigated, without success.  However, these torts continue currently."  (D.E. 1 at 2-3.)

He states that he has "no other recourse but to file suit against the government entity that embodies the federal agencies in question (U.S. Justice Department, and its subsidiaries). The plaintiff has evidence which will prove the torts committed against him producing causation to his person." (D.E. 1 at 3.) Plaintiff seeks injunctive relief, compensatory damages of $4000 and punitive damages of $4000. (D.E. 1 at 3.)

The Court scheduled an Initial Pretrial Conference ("IPTC") for March 25, 2011. (D.E. 3.) At the March 25 IPTC, counsel for the United States entered an appearance. Plaintiff, however, failed to appear at the IPTC, in violation of this Court's Order for Conference and Disclosure of Interested Parties. (D.E. 3 ¶ 1.) Plaintiff failed to file a motion for a continuance or to otherwise inform the Court of his inability to attend the IPTC. Plaintiff has also failed to confer as required by Federal Rule of Civil Procedure 26(f), and it is unclear whether he has completed service upon the United States.

At the March 25, 2011 IPTC, the Court dismissed this action for the reasons stated below.

### III.   Discussion

#### A.   Failure to Prosecute

It is well established that "[a] district court sua sponte may dismiss an action for failure to prosecute or to comply with any court order." Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998); see also Anthony v. Marion County Gen. Hosp., 617 F.2d 1164, 1167 (5th Cir. 1980) ("Rule 41(b) provides that a case may be dismissed for failure to prosecute … [a district court may] sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal citations omitted); see also Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or comply with these

rules or a court order, a defendant may move to dismiss the action or any claim against it."). As noted above, Plaintiff failed to appear at the IPTC, or to confer with Defendant as required by Federal Rule of Civil Procedure 26(f). As such, the Court concludes that dismissal for failure to prosecute is proper.

### B. Failure to Exhaust Administrative Remedies

Beyond Plaintiff's failure to prosecute, the Court also finds that this action must be dismissed because there is no indication that Plaintiff has exhausted his administrative remedies. In this regard, Plaintiff states only that he has contacted "numerous federal law enforcement agencies to inquire if he was being investigated." (D.E. 1 at 3.) He does not state, however, that he has previously presented the claims he makes before this Court to the relevant agency. The Federal Tort Claims Act, 28 U.S.C. § 2675(a), provides:

> "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

28 U.S.C. § 2675(a) (emphasis added). "[T]he FTCA does not admit a futility exception to its exhaustion requirement." In re Complaint of Ingram Barge Co., 351 Fed. App. 842, 843 (5th Cir. 2009). Under Section 2679, an action that is dismissed due to failure to exhaust administrative remedies is "deemed to be timely presented under Section 2401(b) of this title if (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the

appropriate Federal agency within 60 days after dismissal of the civil action." 28 U.S.C. § 2679(d)(5).

Because Plaintiff has not exhausted his administrative remedies, as required by 28 U.S.C. § 2675(a), his action must be dismissed without prejudice so that he may follow the proper administrative procedures before filing suit, assuming his claim is otherwise timely.[1] See McLaurin v. United States, 392 F.3d 774, 782 (5th Cir. 2004) ("The FTCA imposes a two-year statute of limitations on suits against the government. Nevertheless, Congress has provided that a plaintiff whose case is dismissed without prejudice for failure to exhaust administrative remedies may file an administrative claim within 60 days following dismissal. This provision insures [sic] that a plaintiff . . . will not be prejudiced by her failure to first file an administrative claim with the appropriate federal agency within the two-year time period.") (internal quotation marks and citations omitted).

### III. Conclusion

For the reasons stated above, this action is DISMISSED WITHOUT PREJUDICE.

SIGNED and ORDERED this 25th day of March, 2011.

_____
Janis Graham Jack
United States District Judge

---

[1] The Court also noted that the overly vague nature of the complaint is probably insufficient under the standards announced in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and applicable to pro se parties under Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, because Plaintiff's failure to exhaust administrative remedies is apparent, the Court need not address this issue at this time.